# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDMOND PETRUS, individually and as Trustee of the Petrus Family Irrevocable Trust DTD 05/01/1991,<br><br>                  Plaintiff,<br>v.<br>TIMOTHY R. CORBETT,<br>                  Defendant. | Case No. 14-cv-2268-BAS-JMA<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO RE-TAX COSTS**<br><br>**[ECF No. 147]** |

Before the Court is Defendant Timothy R. Corbett's ("Defendant") motion to re-tax costs pursuant to Rule 54 and Local Rule 54.1. (ECF No. 147.) Plaintiff Edmond Petrus, as Trustee of the Petrus Family Irrevocable Trust DTD 05/01/1991 ("Plaintiff"), opposes the motion. (ECF No. 148.) Defendant has filed a reply. (ECF No. 149.) For the reasons herein, the Court grants in part and denies in part Defendant's motion.

## BACKGROUND

After a jury trial in this matter, the Court declared Defendant as the prevailing party on July 17, 2018. (ECF No. 139.) Defendant submitted a bill of costs to the Clerk of the Court on July 30, 2018, claiming certain costs incurred during the pendency of the litigation, to which Plaintiff objected. (ECF Nos. 141, 143.) On August 16, 2018, the Clerk held a telephonic hearing regarding Defendant's requested

costs. Because Defendant failed to provide details regarding technician time for trial exhibit preparation, the Clerk permitted Defendant to provide supplemental information regarding technician time. (ECF No. 144.) Plaintiff objected to the supplemental briefing. (ECF No. 145.)

On August 31, 2018, the Clerk taxed costs for Defendant in the amount of $19.152.26 out of a total $42,018.94 requested. (ECF No. 146.) Relevant to the present motion[1], the Clerk disallowed $2,166.66 in mediation fees because Defendant failed to "cite a Rule under which mediation fees would be taxable[.]" (*Id.* at 3.) Out of a $23,018.06 invoiced amount Defendant requested to be fully taxed as trial exhibit preparation costs, the Clerk determined that "[c]osts are granted for trial visual aids prepared pursuant to L.R. 54.1.b.7, minus 48.5 hours of 'trial litigation support' and 'reimbursed expenses' totaling $10,471.23." (*Id.* at 4.) The Clerk disallowed the $8,972.50 costs for the 48.5 hour line item on the ground that Defendant failed to "provide an exact itemization of the costs being claimed under the work performed[.]" (*Id.* at 3–4.) The Clerk disallowed $1,489.73 in "reimbursed expenses" based on the Defendant's explanation that the costs were not for trial visual aids. (*Id.* at 3.) The $12,546.83 amount the Clerk permitted for trial exhibit costs reflected the invoiced amount minus the disallowed costs. Defendant now requests that the Court re-tax costs for the mediation fees and the $10,471.23 amount the Clerk disallowed.

## LEGAL STANDARD

Pursuant to Rule 54(d)(1), "costs—other than attorney's fees—should be allowed to the prevailing party" in a litigation. Fed. R. Civ. P. 54(d)(1). By its plain text, the Rule creates a presumption that the prevailing party will be awarded its taxable costs. *See Delta Airlines, Inc. v. August*, 450 U.S. 346, 352 (1981); *Dawson v. City of Seattle*, 435 F.3d 1054, 1070 (9th Cir. 2006). The costs a federal court may tax are generally the costs identified in 28 U.S.C. § 1920. Pursuant to local rule, a

---

[1] The Clerk disallowed several other requested costs in full or in part, which Defendant does not challenge in the present motion. The Court deems waived any request as to these other amounts.

prevailing party who seeks taxation of costs "must itemize the costs claimed[.]" *See* L. R. 54.1.a. Local Rule 54.1.b identifies certain items as taxable costs—in addition to the costs taxable pursuant to Section 1920—as a matter of "the custom of the court[.]" S.D. Cal. L. R. 54.1.b. One customarily allowable cost is "the cost of preparing charts, diagrams, videotapes and other visual aids to be used as exhibits . . . if such exhibits are reasonably necessary to assist the jury or the court in understanding the issues at trial." *Id*. at L. R. 54.1.b.7. When the prevailing party seeks to recover such costs, the party must provide "[a]n explanation of how the [exhibits] related to a material issue in the case[.]" *Id*. at L. R. 54.1.b.7.a.

Rule 54(d)(1) authorizes the clerk of the court to tax some or all of the costs sought by a prevailing party, subject to review by the district court on a motion by the prevailing party. Fed. R. Civ. P. 54(d)(1). The district court reviews the clerk's determination de novo. *Apple Inc. v. Samsung Elecs. Co*., No. 5:12-CV-00630-LHK, 2015 WL 4967769, at *3 (N.D. Cal. Aug. 20, 2015) (citing *Lopez v. S.F. Unified Sch. Dist*., 385 F. Supp. 2d 981, 1000-01 (N.D. Cal. 2005)). If a court refuses to award taxable costs to the prevailing party, the court must provide its reasons for doing so. *Champion Produce, Inc. v. Ruby Robinson Co*., 342 F.3d 1016, 1022 (9th Cir. 2003)

## DISCUSSION

### 1. Remaining Trial Exhibit Preparation Costs

Defendant first requests that the Court re-tax "his costs for litigation support materials prepared for use at trial." (ECF No. 147 at 3.) The Court re-taxes costs for only a portion of the $10,417.23.

As an initial matter, Defendant is not entitled to $1,498.73 in "reimbursed expenses" that partially comprise the amount he requests. Although Defendant's motion refers to all of the $10,417.23 as "costs for litigation support materials," the $1,498.73 is invoiced for "[h]otel expenses, parking, meals." (ECF No. 147-1 Ex. A at 1.) Local Rule 54.1.b.7—the only rule Defendant invokes—is not a catch-all provision that permits the recovery of any and all costs incurred in connection with

1 trial. It is limited to trial exhibit costs and the costs of their preparation. S.D. Cal. L.
2 R. 54.1.b.7. By Defendant's counsel's own attestation, the reimbursed expenses were
3 not for preparation of exhibits, video clips, or other visual aids for use at trial. (ECF
4 No. 147-4 Fickel Decl. ¶ 3.) Accordingly, the Court will not re-tax this amount.

The remaining issue is whether the Court should award in full or in part the $8,972.50 amount corresponding to the 48.5 hours of "trial litigation support (in state) [i]n-trial presentation of evidence[.]" (ECF No. 147-1 Ex. A at 1.) Although Defendant and Plaintiff dispute whether the costs were reasonably necessary (ECF No. 147 at 3–5; ECF No. 148 at 3–4), both parties overlook the reason why the Clerk disallowed the costs. The Clerk disallowed the $8,972.50 *not* because the costs are not recoverable, but based on the Clerk's determination that Defendant failed to provide an "exact itemization" of the costs being claimed. It appears that Defendant's submission to the Clerk requested the entire amount for the 48.5 hour line item (as part of the overall $23,018.06 invoice) *although* Defendant's counsel's declaration expressly stated that Defendant was not seeking certain costs contained in the invoice breakdown for the 48.5 hour line item. (*Contrast* ECF No. 144 at 1 *with* ECF No. 144-1 Fickel Decl. ¶¶ 5–6.) Given this contradiction, it is understandable why the Clerk could not ascertain the exact costs being claimed as taxable costs for trial exhibit preparation.

Although Defendant's motion to re-tax costs is not the paragon of clarity and repeats the issues reflected in his submissions to the Clerk, the Court finds that partial disallowance and partial allowance of the costs reflected in the 48.5 hour line item is appropriate. Defendant's counsel has attested that several entries constituting "$1,740, *should be deducted from the total invoice*, as they do not represent time spent preparing exhibits, visual aids, and/or deposition testimony for use at trial." (Fickel Decl. ¶ 5.) Having reviewed the corresponding entries for that amount, the Court agrees that taxation of costs for this amount would not be proper because they do not constitute trial exhibit preparation. Defendant's counsel further attests that $3,607.50

"*should be deducted from the invoice total*" for 19.5 hours of 31.5 hours for trial time that "was for the actual presentation of the exhibits, visual aids, and deposition testimony" at trial. (Fickel Decl. ¶ 6.) In total, Defendant's counsel expressly attests that Defendant does not seek $5,347.50 of the originally sought $10,471.23 in costs.

By elimination, the amount Defendant in fact seeks as costs for trial exhibit preparation is $3,625. Because Defendant is the prevailing party, the presumption is that he is entitled to taxable costs. *Delta Airlines, Inc.*, 450 U.S. at 352; *Dawson v. City of Seattle*, 435 F.3d at 1070. And, as the Court has noted, Local Rule 54.1 permits recovery of "[t]he cost of preparing" trial exhibits. S.D. Cal. L. R. 54.1.b.7. The Court finds that the $3,625 amount sought is appropriate and re-taxes costs for trial exhibit preparation in the additional amount of $3,625.

### 2. Mediation Fees

Defendant also requests that the Court re-tax mediation costs in the amount of $2,166.66. (ECF No. 147 at 5.) The only substantive basis Defendant invokes to seek re-taxation of costs is Section 1920. Mediation fees, however, cannot be recovered pursuant to Section 1920. *See Sea Coast Foods, Inc. v. Lu-Mar Lobster & Shrimp, Inc*. 260 F.3d 1054, 1061 (9th Cir. 2001) (determining that mediation costs are not recoverable because "nothing in 28 U.S.C. § 1920 provides for the costs of a mediator"); *Brown v. S. Cal. IBEW-NECA Trust Funds*, CV 06-06740 MMM (JCx), 2008 WL 11338228, at *7 (C.D. Cal. Feb. 26, 2008); *see also Cook Children's Med. Ctr. v. New England PPO Plan of Gen. Consol. Mgmt., Inc*., 491 F.3d 266, 277 (5th Cir. 2007) (mediation fees are not taxable costs because Section 1920 does not expressly permit their recovery). Defendant is therefore not entitled to recover mediation fees pursuant to Section 1920.

Defendant nevertheless asserts that mediation fees "should be allowed." (ECF No. 147 at 5.) The Court rejects this assertion. When courts award mediation fees, they do so pursuant to a statutory attorneys' fee award provision, independently of a court's authority to award costs pursuant to Section 1920. *See Sawabeh Info. Servs.*

*Co.*, 2015 WL 1276351, at *4, 36 (C.D. Cal. June 22, 2015) (award to a prevailing party of mediation fees as part of attorneys' fees pursuant to the Lanham Act); *Safeworks, LLC v. Teupen Am., LLC*, No. C 08-12197, 2010 WL 3033711, *7 (W.D. Wash. July 29, 2010) (considering an award of non-taxable costs as part of attorneys' fees pursuant to the Lanham Act); *Brown*, 2008 WL 11338228, at *7 (awarding mediation fees as part of attorneys' fees pursuant to ERISA); *Gordon v. Virtumundo, Inc.*, No. 06–204 JCC, 2007 WL 2253296, *15 (W.D. Wash. Aug 1. 2007) (awarding mediation costs as part of an award of reasonable attorneys' fees). In this case, there is no applicable statutory attorneys' fee provision and Defendant has not been awarded any attorneys' fees. It is thus irrelevant whether Defendant "engaged in any bad faith tactics during mediation." (ECF No. 149 at 2.) Because Defendant cannot show that the Court possesses the authority to award him mediation fees as part of attorneys' fees or as part of taxable costs, the Court denies Defendant's motion insofar as it concerns mediation fees.

## CONCLUSION & ORDER

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Defendant's motion (ECF No. 147) as follows:

1. The Court **DENIES** Defendant's request insofar as it concerns mediation fees in the amount of $2,166.66.

2. The Court **GRANTS** Defendant's request to re-tax costs in the additional amount of $3,625 for trial exhibit preparation. Re-taxation for other amounts is otherwise **DENIED**.

**IT IS SO ORDERED.**

DATED: October 2, 2018

Hon. Cynthia Bashant
United States District Judge